■ In the Matter of JOSEPH KOWALSKY, Also Known as JOSEPH B. BLANCHARD, Appellant, against PEERLESS CASUALTY COMPANY, Respondent.— Appeal from an order of Special Term, Supreme Court, Sullivan County. The defendant judgment debtor, a prisoner in Clinton State Prison, has been adjudged guilty of contempt of court by the Special Term for violating the injunctive provisions of an order in supplementary proceedings by transferring an interest in real property after the order had been served on him in the Sullivan County jail. The main issue is whether the deed of transfer was executed by the judgment debtor before or after the restraining order was served. There is testimony by the person making the service and by the jailer to the effect service was made before the instrument of conveyance was signed; but the judgment debtor testified it was not made until after the instrument was signed. The visitor's docket at the jail shows that the stepbrother of the debtor's wife, Louis F. Feldgraff, came to the jail to see the judgment debtor at 1:00 P.M. and left at 1:20 P.M. and that the paper was not served until 2:50 P.M., and it does not show the presence of either Feldgraff or debtor's wife, Violet D. Blanchard, or of the notary, at 3:15 P.M., the time at which the docket shows a notation of "paper signed". It shows the wife came at 3:20 P.M. We entertain a considerable reservation about the accuracy of this docket and of the sequence of events occurring in the jail on that day; but the judgment

debtor did not call his wife, and he did not call Feldgraff and he did not call the notary as witnesses on the hearing, and could well have done so. In these circumstances we accept the finding of the Special Term that the order was served before the instrument was signed. The judgment creditor did not lose title to the unassigned part of the judgment to its agent Goldstein because of the internal credit or reserve arrangement with its agent under the facts as developed in the record and had the right to institute the proceedings supplementary to execution. The other points raised by appellant have no substance or have been waived. The informal letter sent by the attorney for the appellant to the court since the argument suggesting there have been changes in the underlying liability on which the judgment is based presents no question for our consideration on the appeal. We take the judgment as it is disclosed by the record before us. No formal proof that it has been vacated or amended has been made part of the record. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.